UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| *T.D.E. and R.E.E., minor children, by and through CHRISTINE ELDER, their Next of Friend,* )<br>)<br>)<br>)<br>*Plaintiffs,* )<br>)<br>*vs.* )<br>)<br>LIFE INSURANCE COMPANY of NORTH AMERICA, d/b/a CIGNA GROUP INSURANCE, )<br>)<br>)<br>)<br><u>*Serve At:*</u><br>*CT Corporation*<br>*Registered Agent*<br>*120 S. Central Ave.*<br>*4th Floor*<br>*St. Louis, MO 63105* )<br>)<br>)<br>)<br>)<br>)<br>)<br>*Defendant.* ) | *Cause No:*<br><br>***JURY TRIAL DEMANDED*** |

## COMPLAINT

COME NOW Plaintiffs, T.D.E. and R.E.E., both minor children, by and through their biological mother, custodial parent and Next of Friend, Christine Elder, and through undersigned counsel, and complain of Defendant Insurance Company of North America as follows:

### Preliminary Statement

This cause of action is brought to secure recovery of a death benefit payable under the terms of a group accidental death and dismemberment insurance policy issued by the Defendant to Mark W. Elder (deceased), through Mr. Elder's employer, BJC HeathSystem ("BJC"). The policy is governed by the terms and conditions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.A. §§ 1001 *et*

*seq.* Mr. Elder died on or about August 4, 2002, and was employed by BJC and covered by the insurance policy. Plaintiffs are Mr. Elder's minor children and beneficiaries under the subject policy, who bring this claim to recover the benefits payable, plus associated and further relief as the Court may deem just under the circumstances.

### Jurisdiction and Venue

1. This Court has jurisdiction pursuant to 29 U.S.C.A. § 1132(a)(1)(B) and (e)(1) and 28 U.S.C.A. § 1331 to hear and determine the Plaintiffs' claim for benefits due them under the terms of an insurance policy issued pursuant to an employee benefit plan subject to and governed by ERISA, 29 U.S.C.A. §§ 1001 *et seq.*

2. Venue is proper before this Court under 29 U.S.C.A. § 1132(e)(2) as this federal district is where the subject employee benefit plan is administered and where the alleged breach of an employee benefit contract took place.

3. As more fully described below, Plaintiffs have exhausted all of their administrative remedies under the terms of the policy and any plan pursuant to which it was issued.

### The Parties

4. Plaintiffs T.D.E. and R.E.E. are the minor children of Mark W. Elder (deceased), who reside with their biological mother and sole custodial parent, Christine Elder, in St. Louis County, Missouri.

5. Upon information and belief, Insurance Company of North America is an insurance company that directly, or indirectly through contracted companies, agents or otherwise, sells various insurance products to employees through their employers.

6. Upon information and belief, Defendant is authorized to issue accidental death and dismemberment ("AD&D") policies in the State of Missouri, pursuant to plans governed by ERISA, and maintains its principal place of business at 1601 Chestnut Street, Philadelphia, PA 1919.

## Allegations Common to All Counts

7. By and before August 1, 2002, Defendant issued to Mr. Elder, directly or indirectly through BJC, his employer, an AD&D policy bearing number COA 2532 (hereafter, the "Policy").

8. The Policy was issued pursuant to an Employee Benefit Plan sponsored by BJC and is subject to and governed by ERISA.

9. The Policy was in full force and effect on August 4, 2002.

10. Up to his death, Mr. Elder was an employee of BJC and was a covered person under the terms of the Policy.

11. Mr. Elder died on or before 7:50 p.m. on August 4, 2002.

12. Mr. Elder's death was the result of an accident, as that term is utilized and understood in the Policy.

13. The Policy providers for the payment of a death benefit to the beneficiary of a covered person who dies as the result of an accident.

14. Plaintiffs are the minor children of Mr. Elder, and the only beneficiaries of Mr. Elder under the Policy.

15. The death benefit payable to the Plaintiffs under the terms of the Policy as a result of Mr. Elder's death is at least Three Hundred Sixty-Two Thousand Dollars ($362,000.00).

16. By and before March, 2006, Plaintiffs properly furnished BJC or its predecessor with proof of Mr. Elder's death, together with a demand for payment of all his insurance benefits.

17. Upon receipt of this demand, the company with whom BJC placed his life insurance, UNUM/Provident, paid all sums due under his life insurance coverage.

18. However, no payment has ever been made on any of Mr. Elder's AD&D insurance.

19. Similarly, no request for further information was ever made to Plaintiffs, their Next Friend or otherwise, by Defendant, Mr. Elder's employer (BJC) or any other person or entity.

20. Neither Defendant, Mr. Elder's employer (BJC) nor any other person or entity ever informed Plaintiffs or their Next of Friend of a need to pursue any administrative process or appeal to submit the subject claim.

21. Defendant failed to provide Plaintiffs with the opportunity for a full and fair review of their claim and further failed to provide the necessary information required for adequate notice in violation of 29 U.S.C.A. § 1133.

22. Mr. Elder, his heirs, beneficiaries and all their representatives, have complied in all respects with the terms and conditions of the Policy.

23. On June 25, 2007, undersigned counsel issued a lien and demand letter to Defendant.

24. On June 26, 2007, Defendant's representative advised the Plaintiffs that more time was needed to gather information.

25. Defendant's purported need for further documentation is a pretext for denying the claim outright, as there is no legitimate need for any further information or any dispute about the nature or cause of Mr. Elder's death.

26. Defendant continues to deny and refuse to pay Plaintiffs any part of the death benefit payable under the Policy.

27. Defendant's decision to deny Plaintiffs the benefits due under the terms of the Policy was arbitrary, capricious, not made in good faith, unsupported by substantial evidence, erroneous as a matter of law, and in violation of ERISA.

28. As the direct and proximate result of the actions of Defendant, Plaintiff has incurred attorneys' fees in an amount currently not known, but which can and will be quantified prior to trial or consent to voluntarily pay all benefits due.

29. As the direct and proximate result of Defendant's actions, Plaintiffs lost benefits in an amount not now known in full, but upon belief and information such loss is at least Three Hundred Sixty-Two Thousand Dollars, plus other coverage that may apply, and the amount the Plaintiffs will continue to sustain each month until the benefits are paid in full.

WHEREFORE, Christine Elder, as Next of Friend for both T.D.E. and R.E.E., is entitled to a Judgment in favor of her minor children and against Defendant, Life Insurance Company of North America:

    a. Awarding them compensatory damages in the amount of at least Three Hundred Sixty-Two Thousand Dollars ($362,000), being the death benefit due under the Policy, together with interest from and after June 25, 2007;

b. Awarding Plaintiffs costs and disbursements for the prosecution of this matter;

c. Awarding Plaintiffs' attorneys' fees for the prosecution of this matter pursuant to 29 U.S.C.A. § 1132(g); and

d. Awarding the Plaintiffs such other and further relief as the Court may deem just and proper.

                              Respectfully submitted,

                              SEVASTIANOS & ASSOCIATES, PC

By:    //s//   Noel A. Sevastianos
NOEL A. SEVASTIANOS, #49346
Attorneys for Plaintiffs
120 South Central Avenue, Suite 130
St. Louis, MO 63105-1705
(314) 725-7577 (Phone)
(314) 862-8050 (Fax)
Noel@NoelsLaw.com (Email)